## City of Chicago v. Maggie Sanders.

1. JURY—*Province to Determine Questions of Fact.*—It is the province of the jury to reconcile conflicting evidence and determine questions of fact.

2. DAMAGES—*Excessive Findings.*—A sewing woman supported herself and two children by the use of the sewing machine. She received an injury by reason of a fall upon a defective sidewalk. She was confined to her bed for about three weeks, and it was five weeks before she could walk across the floor of her room. She was unable to run the sewing machine for more than an hour a day, and she frequently fainted and fell to the floor in the case of any unusual or long continued exertion. She received $1,500. *It was held,* that the verdict was right and commendably reasonable.

City of Chicago v. Sanders.

**Memorandum.**—Action on the case for personal injuries, commenced November 20, 1889. Plea not guilty. Appeal from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding. Heard in this court at the October term, 1892, and affirmed. Opinion filed January 30, 1893.

## STATEMENT OF THE CASE.

On the evening of July 26, 1890, appellee had been away from her home, and while returning, after dark, on Halsted street, a rotten board in the sidewalk broke under her feet, causing her to fall backward and upon the walk. The fall strained her back and loins severely, and produced slight prolapsus of the uterus. She was picked up and carried to a drug store near by, in a fainting, hysterical condition, and was taken from there home in a carriage, where she was confined to her bed for three weeks, and to the house for five weeks, suffering great pain. She was a sewing woman, and supported herself and two children by the use of the sewing machine. From the date of this injury to the trial, she had not been able to run the machine for over an hour or so at a time, without being disabled, and compelled to keep her bed for two or three days afterward. Since the injury she has constantly complained of her back, and was confined to her bed a considerable portion of the time. There was some conflict as to the condition of the walk, but the weight and preponderance of the evidence was to the effect that the walk was a board walk of great age, and in a rotten and unsafe condition.

JACOB J. KERN, attorney for appellant.

ASHCRAFT & GORDON, attorneys for appellee.

OPINION OF THE COURT, SHEPARD, J.

This is a case brought by the appellee against the city of Chicago to recover damages for an injury which she claims to have sustained between 7 and 8 o'clock in the evening of July 26, 1890, by reason of a fall upon an alleged defective sidewalk on Halsted street, near Forty-second street.

The trial by jury resulted in a verdict in favor of the appellee for $1,500, and from the judgment which was rendered upon this verdict the city of Chicago prosecuted this appeal. Counsel for appellant says in his brief, that he insists, in this court, upon but three points as grounds for reversal, viz: First, the verdict was against the law; second, the verdict was against the evidence; third, the verdict is excessive.

On the first point he offers no suggestion, and we discover no error of law. We have carefully examined all that has been urged on the second and third points, but fail to see any sufficient reason for disturbing the verdict. It is perfectly clear that the accident would not have happened had the sidewalk been in a sound and fit condition, and we think the evidence conclusively established that the walk was rotten and rickety, and that no person could, without the exercise of very great caution, pass over it without liability to injury, and that it had been in that condition an undue length of time.

Appellee was a sewing woman, and supported herself and two children by the use of the sewing machine. The injuries she received were to her back, and internal, and the evidence disclosed that immediately following the accident she was confined to her bed for about three weeks, and that it was five weeks before she could walk across the floor of her room; that ever since, she has been unable to run the sewing machine for more than an hour a day, and that she frequently faints and falls to the floor in case of any unusual or long continued exertion.

There was other evidence tending to show that appellee's injuries were slight, but the jury heard it all and in cases of conflicting evidence their verdict should not be set aside for light reasons.

Upon a review of the entire evidence we think the verdict was right, and most commendably reasonable.

The judgment of the Circuit Court will therefore be affirmed.